IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARIE CRAVENS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-222 |
| | § | |
| RICARDO ONTIVEROS, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This case arises out of alleged misconduct by Ricardo Ontiveros ("Defendant"), a former police officer for the City of La Marque. Now before the Court is Defendant's Motion for Summary Judgment. For the reasons outlined below, Defendant's Motion for Summary Judgment is **GRANTED**.[1]

**I. Background**

On October 13, 2003, Defendant investigated an automobile accident between Abner Cravens ("Cravens") and Rosezelia Sonnier ("Sonnier"). According to Plaintiffs, Sonnier, who happens to be Cravens's cousin, was concerned because she thought Cravens appeared to be intoxicated. Defendant, who was allegedly told that Cravens was intoxicated, released Cravens, who shortly thereafter was involved in a second accident in which he was seriously injured. Cravens subsequently died from those injuries. After and as a result of the accident, Defendant's employment was terminated. Defendant appealed his termination, and such termination was affirmed in an

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

arbitration before the City Manager.[2] Cravens's survivors are now asserting claims against Defendant for gross negligence under state law, and constitutional violations pursuant to 42 U.S.C. § 1983. Defendant has moved for summary judgment. Upon analysis of the pleadings and briefing, the Court determines that there are no questions of material fact, and that Defendant is entitled to judgment as a matter of law.

## II. Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986). When one party moves for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252, 106 S. Ct. at 2512. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *See Anderson,* 477 U.S. at 247-48, 106 S. Ct. at 2510.

Nevertheless, if the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

---

[2]Plaintiffs imply that the findings of the City Manager bind the Court, even going so far as to say that "if the officer can be held fairly accountable for this wrongful conduct in terms of his employment, then he has sufficient notice constitutionally to be held liable in tort." Plaintiffs offers no support for this startling assertion because there is none. While the finding of the City Manager may be binding on Defendant as to his employment status, it is of no legal moment whatsoever to this Court. Municipal employment decisions are based on different rules and different standards of proof than apply in this Court.

Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513.

**III. 42 U.S.C. § 1983**

42 U.S.C. § 1983 creates a civil remedy for those who have been deprived of their constitutional rights by a person acting under color of law. However, state officials may assert an affirmative defense of qualified immunity to such a claim. Defendant asserts that he is entitled to qualified immunity because Plaintiffs have not shown a violation of a constitutional right and because Defendant's actions were objectively reasonable in light of clearly-established law. *See Anderson v. Creigton,* 483 U.S. 635, 641, 107 S. Ct. 3034, 3040, 97 L. Ed. 2d 523 (1987); *McKnight v. Johnson*, 277 F.3d 1373 (5th Cir. 2001). Although this case presents a genuinely tragic situation, the Court finds that no genuine issue of material fact exists as to whether Defendant's actions were objectively reasonable given clearly-established law.

**A. Substantive Due Process**

Plaintiffs argue that Cravens's Fourteenth Amendment right to substantive due process was violated by Defendant's failure to arrest Cravens or otherwise provide for his safety after the first accident. Defendant argues that he is entitled to qualified immunity against suit, and that the claims against him should be dismissed.

"Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).[3] "When a defendant invokes qualified

---

[3] As a preliminary matter, the Court notes that Plaintiffs argue that Defendant's function was not discretionary since the La Marque Police Department procedure mandated an arrest in this situation. This argument is clearly insupportable under current Supreme Court precedent.

immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). Defendant's right to qualified immunity should be determined through the application of a two-pronged test. *See Saucier v. Katz*, 533 U.S. 194, 200, 121 S. Ct. 2151, 2155, 150 L. Ed. 2d 272 (2001); *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003). The first question is whether the facts alleged, considered in the light most favorable to Plaintiffs, show that Defendant's conduct violated a constitutional right. *Mace*, 333 F.3d at 623. If so, the Court must determine whether that right was clearly established at the time it was violated. That is, would it have been clear to a reasonable person that Defendant's conduct was unlawful under the circumstances? *Id.* at 624.

Determining whether Defendant violated Cravens's constitutional right requires two separate analyses: (1) is the right Plaintiffs claim a constitutional one; and (2) was that right actually violated? The Court first considers the nature of the right and then examines whether the facts as presented in the summary judgment evidence show a violation.

In general, state and municipal governments are under no affirmative duty to provide protective services: "[T]he Due Process Clause generally confers no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 196-97, 109 S. Ct. 998, 1003-04, 103 L. Ed. 2d 249 (1989). "[A] State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id.* at 197, 109 S. Ct. at 1004; *see also Walton v. Alexander*, 44 F.3d

---

*See Town of Castle Rock, Colo. v. Gonzalez*, __ U.S. __, 125 S. Ct. 2796, 162 L. Ed. 2d 658 (2005) (finding that police officers always have discretion to arrest or not arrest, even when police department has an official policy requiring arrest). The remainder of the Court's analysis is based on a finding that Defendant was performing discretionary functions.

1297, 1302 (5th Cir. 1995) (en banc). The Constitution imposes a duty on the state to protect particular individuals only in "certain limited circumstances." *DeShaney*, 489 U.S. at 198, 109 S. Ct. at 1004. Courts have recognized two such limited scenarios: (1) when the state has a special relationship with the person; or (2) when the state exposes a person to a danger of its own creation–a "state-created danger." *See Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) ("*Piotrowski I*") (citing *Salas v. Carpenter*, 980 F.2d 299, 307 (5th Cir. 1992)). Plaintiffs argue that Defendant had a special relationship with Cravens and that Defendant failed to protect Cravens from a state-created danger.

**1. State-Created Danger**

The validity of the state-created danger theory is uncertain in the Fifth Circuit. The Circuit has recently noted: "We have never recognized state-created danger as a trigger of State affirmative duties under the Due Process Clause. We again decline to do [so]." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 249 (5th Cir. 2003). However, the Fifth Circuit has on numerous occasions recognized and discussed the existence and elements of the doctrine as well as its acceptance in other Circuits. *See Randolph v. Cervantes*, 130 F.3d 727 (5th Cir. 1997); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395 (5th Cir. 1996); *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198 (5th Cir. 1994); *Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521 (5th Cir. 1994); *Salas,* 980 F.2d at 307. The Circuit has also laid out the requirements a Plaintiff must meet in order to qualify for relief under the state-created danger theory. *See Piotrowski I*, 51 F.3d at 515. "First, a plaintiff must show that the state actors increased the danger to [him]. Second, a plaintiff must show that the state actors acted with deliberate indifference." *See id.*; *Doe*, 113 F.3d at 1415; *Johnson*, 38 F.3d at 201.

Plaintiffs cannot even meet the first requirement of this test. Plaintiffs ultimately argue that Defendant increased the danger to Cravens by (1) not arresting him and (2) cutting off private means

of safety. Taking all evidence presented in the light most favorable to Plaintiffs, these allegations do not present a question of fact as to whether Defendant increased the danger to Cravens. The Fifth Circuit has expressly held that failing to arrest an intoxicated driver, even when the officer knows he is intoxicated, is not a violation of substantive due process and cannot be the basis of a state-created danger theory. *See Saenz v. Heldenfels Brothers, Inc.*, 183 F.3d 389, 391 (5th Cir. 1999). If Cravens was driving while intoxicated after he was released by Defendant, he was driving while intoxicated before the first accident, and nothing Defendant did or did not do increased the inherent danger in driving under the influence of drugs and/or alcohol.

There is no evidence, beyond Plaintiffs' mere assertion, that Defendant cut off private means of safety to Cravens, thus increasing the danger to him. In fact, Sonnier's own statement says that she remained at the scene until after Cravens drove away. If she wanted to attempt to take Cravens home herself, she could have. Even though Defendant stated that he did not think Cravens was intoxicated, there has been no evidence offered that he said or did anything which would have precluded Sonnier from helping Cravens. The only evidence Plaintiffs offer in support of their assertion is that Defendant "arrived at the scene in his marked police vehicle and uniform." This is simply not sufficient evidence to support a claim that Defendant increased the danger to Cravens.

Plaintiffs cite one case in support of their theory in this regard. In *Kneipp v. Tedder*, 95 F.3d 1199 (3rd Cir. 1996), the Third Circuit found there was evidence to support a jury finding of constitutional violations based on a state-created danger. However, the facts in *Kneipp* are starkly different than those presented here. In *Kneipp*, an intoxicated woman was walking home with her husband. The couple was stopped by the police who later told the husband to go home. The husband left while his wife was resting on the hood of a police vehicle in the presence of several officers. After his wife did not return home, he went to look for her and came across the police

officers he had been with earlier. When he asked about her whereabouts, an officer told him to "get out of here" before he was locked up. The husband left again upon the instruction of the officer. His wife was later found in a ditch where she suffered hypothermia causing permanent brain damage. Even assuming the validity of *Kneipp* in the Fifth Circuit, it is clearly distinguishable from the instant case. Here, Sonnier remained at the scene until after Cravens left and was never precluded by Defendant from intervening. The Court is unpersuaded by Plaintiffs' attempts to analogize *Kneipp* to this case. No action on the part of Defendant can be said to have increased any danger to Cravens. Accordingly, Plaintiffs cannot make a claim based on a theory of state-created danger.[4]

## 2. Special Relationship

Plaintiffs next contend that Defendant had an obligation to protect Cravens based on a "special relationship." The United States Supreme Court spoke authoritatively on this matter in *DeShaney*. *See DeShaney*, 489 U.S. at 195, 200, 109 S. Ct. at 1003, 1005-06. There the Court opined:

> A State's failure to protect an individual against private violence generally does not constitute a violation of the Due Process Clause, because the Clause imposes no duty on the State to provide members of the general public with adequate protective services. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security . . . The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitations which it has imposed on his freedom to act on his own behalf, through imprisonment, institutionalization, or other similar restraint of personal liberty.

*Id.* No reading of the facts of this case bring it under the umbrella of protection provided by *DeShaney*. Cravens's personal liberty was not restrained in any way. Defendant did not arrest,

---

[4]Though Plaintiffs' state-created danger claims have already been disposed of, the Court notes, that even if Plaintiffs could provide evidence of the danger, they still would not prevail since the theory of state-created danger is not clearly established in the Fifth Circuit as required by the second prong of the test. *See Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244 (5th Cir. 2003)

imprison, or institutionalize him. In fact, he let Cravens return to the activities in which he was engaged directly before coming into contact with him. There is absolutely no evidence to the contrary. Simply put, there was no special relationship between Cravens and Defendant, and there can be no constitutional violation based on a non-existent relationship.

**B. Equal Protection**

Plaintiffs also allege a violation of the Equal Protection Clause, stating in their Complaint that "[b]ut for Abner Cravens' status as an African-American, Officer Ontiveros would have properly arrested Abner Cravens in order to protect Abner Cravens from himself." This claim fails for two reasons. First, there is not even a shred of evidence supporting it. Plaintiffs literally offer no support for this theory. They do not even mention the claim in their Response to Defendant's Motion for Summary Judgment. In addition, the Fifth Circuit has noted that "the Equal Protection Clause should not be used to make an end-run around the *DeShaney* principle that there is no constitutional right to state protection for acts carried out by a private actor." *Beltran v. City of El Paso*, 367 F.3d 299, 304 (5th Cir. 2004). That is exactly what Plaintiffs are trying to do in this case. Since Plaintiffs' offer no evidence to support what is at best a shaky legal theory, their claims based on Equal Protection must also fail.

**IV. Gross Negligence**

Plaintiffs also assert a gross negligence claim against Defendant. *See Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994). Defendant argues that section 101.106(f) of the Texas Civil Practice and Remedies Code bars this claim. Section 101.106(f) is part of the Texas Tort Claims Act, which waives sovereign immunity in certain limited circumstances. *See* TEX. CIV. PRAC. & REM. CODE § 101.001 *et seq.* (Vernon 2005). Section 101.106(f) is a part of the Texas Tort Claims Act meant to prevent plaintiffs from achieving double recovery from both governmental actors and

governmental entities. That section provides that:

> if a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On employee's motion, the suit against the employee shall be dismissed.

TEX. CIV. PRAC. & REM. CODE § 101.106(f) (Vernon 2005). However, gross negligence is not a claim that "could have been brought under this chapter against the governmental unit." *Id*. *See Hockaday v. Tex. Dep't of Criminal Justice*, 914 F. Supp. 1439 (S. D. Tex. 1996); *Gay v. State* 730 S.W.2d 154, 158 (Tex. App.–Amarillo 1987, no writ) (finding that State of Texas has not waived immunity for claims of gross negligence). Accordingly, Section 101.106, which essentially allows recovery in tort against either a municipality or an individual, but not both, is inapplicable. Sovereign immunity has not been waived for claims of gross negligence against a municipality, but tort recovery is still available against individual tortfeasors. Accordingly, the law allows Plaintiffs to assert their gross negligence claim against Defendant.[5]

However, Plaintiffs' gross negligence claim still fails because there is no evidence to support it. To establish gross negligence, a Plaintiff must show that "(1) viewed objectively from the standpoint of the actor, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others." *Moriel*, 879 S.W.2d at 23. Even if Plaintiffs can prove that Defendant's actions meet this stringent standard, their claim still fails because they simply cannot

---

[5]As Defendant points out, official immunity protects state officials when state law claims are made against them. *See City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994). However, for reasons known only to Defendant, he does not assert or brief official immunity. The Court makes no determination as to the availability of this defense to Defendant.

prove causation, an essential prerequisite to recovery. *See D. Houston Inc. v. Love*, 92 S.W.2d 450, 454 (Tex. 2002). To establish proximate cause, Plaintiffs must show that "the act or omission was a substantial factor in brining about the injuries, and without it, the harm would not have occurred." *IHS Cedars Treatment Center of Desoto v. Mason*, 143 S.W.3d 794, 799 (Tex. 2003). "Where the initial act of negligence was not the active and efficient cause of plaintiffs' injuries, but merely created the condition by which the second act of negligence could occur, the resulting harm is too attenuated from the [defendant's] conduct to constitute the cause in fact of plaintiffs' injuries." *Id.* at 799. Such is the case here. Even if Defendant's failure to arrest Cravens put him back on the road where he might be hurt, it was Cravens' own negligence that actually caused his fatal accident. Failing to prevent an accident is simply not the same as causing one. Unfortunately, it was Cravens's own irresponsible behavior that led to his accident.[6] Accordingly, there is no question of fact on which to sustain Plaintiffs' claim for gross negligence.

## V. Conclusion

For the reasons outlined above, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiffs' claims against Defendant are **DISMISSED WITH PREJUDICE**. A Final Judgment will be issued contemporaneously with this Order. All Parties are to bear their own taxable costs, expenses, and attorneys' fees incurred herein to date.

---

[6] As noted above, there is no evidence to support the allegation that Defendant cut off private means of safety, which provides further support for the conclusion that Defendant's actions cannot support a claim for gross negligence.

**IT IS SO ORDERED**.

**DONE** this 27th day of February, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge